1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   JULENE KERTZMAN,                          Case No.: 18cv2357-JAH (KSC)

12                          Plaintiff,
                                              **ORDER DENYING PLAINTIFF'S**
13   v.                                       **MOTION TO REMAND TO STATE**
                                              **COURT (Doc. No. 8)**
14   HOME DEPOT, U.S.A., INC., et al.,

15                          Defendants.

16

17                              **INTRODUCTION**

18        Pending before the Court is Plaintiff Julene Kertzman's ("Plaintiff") Motion to

19   Remand to state court. See Doc. No. 8.  The motion is fully briefed.  Defendant Home

20   Depot, U.S.A., Inc. ("Defendant") filed a response in opposition. See Doc. No. 12.  After

21   careful consideration of the pleadings filed by both parties, and for the reasons set forth

22   below, Plaintiff's Motion to Remand to state court is **DENIED**.

23                               **BACKGROUND**

24        Plaintiff alleges she was at a Home Depot store location when a feral cat scratched

25   and bit her. See Doc. No. 1.  Plaintiff alleges, as a result of this incident, she sustained

26   injuries and needed medical attention. Id.  Plaintiff initially brought this case in state court.

27   Id.

28

                                      1

The case was removed to this Court on October 12, 2018. See Doc. No. 1. This Court had jurisdiction over the case. On October 12, 2018, Defendant filed an answer to the complaint and demand for a jury trial. See Doc. Nos. 2, 4. On November 9, 2018, Plaintiff filed an amended complaint, seeking $74,500, and also filed the Motion to Remand to state court. See Doc. Nos. 7, 8. Defendant filed a response in opposition (Doc. No. 12) to Plaintiff's Motion to Remand (Doc. No. 8) on December 3, 2018.

## DISCUSSION

### I.  Legal Standard

The federal court is one of limited jurisdiction. Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). The removal statute, 28 U.S.C. § 1441 allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§1331, 1332(a). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Specifically, the burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### II.  Analysis

In support of her motion to remand, Plaintiff argues that her initial complaint never alleged the amount in controversy. Doc. No. 8-1 at pg. 3. Plaintiff contends that her initial response to the statement of damages alleged various forms of damages totaling $300,000, but Plaintiff's amended response to Defendant's statement of damages reduced total damages to $74,500. Id. Plaintiff argues that this case should be remanded to state court

2

because the amount in controversy does not exceed $75,000 and fails to satisfy traditional diversity jurisdiction requirements. Id.

In response, Defendant argues that Plaintiff's Motion to Remand should be denied because her pleadings filed at the time of removal satisfied traditional diversity jurisdiction standards. Doc. No 12 at pg. 3. Defendant also argues that Plaintiff's subsequent amended complaint and reduced amount in controversy should not be considered for potential remand. Id.

The Court agrees. When assessing amount in controversy for purposes of diversity jurisdiction, "the jurisdictional limitation to plaintiffs asserting claims in excess of $75,000 is applicable at the time of removal and to the action as a whole." Abrego v. The Dow Chemical Co., 443 F.3d 676, 687 (9th Cir. 2006). The Court finds that Plaintiff sought $300,000 in damages at the time of removal and all other diversity jurisdiction requirements were met. Further, the Court finds that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction if a party subsequently moves to another state or if the amount in controversy subsequently drops below the minimum jurisdictional level." Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293-95, (1938)). Accordingly, the Court determines that jurisdiction is still proper.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 14, 2019

_____
JOHN A. HOUSTON
United States District Judge

3